# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ATLANTIC-PACIFIC PROCESSING SYSTEMS NV CORP,

Plaintiff(s),

v.

DANIEL PLAUT, et al.,

Defendant(s).

Case No. 2:21-cv-02060-JCM-NJK

**Order**

[Docket Nos. 90, 99]

Pending before the Court is Defendant Plaut's motion to stay discovery pending resolution of his motion to dismiss. *See* Docket No. 90; *see also* Docket No. 70 (motion to dismiss). Defendant Intrator filed a joinder to the motion to stay discovery pending resolution of his motion to dismiss. Docket No. 71; *see also* Docket No. 63 (motion to dismiss); Docket No. 69 (corrected image). The "Merchant Defendants"[1] filed a joinder to the motion to stay discovery pending resolution of their motion to dismiss. Docket No. 97; *see also* Docket No. 78 (motion to dismiss). Plaintiff filed an omnibus response in opposition to the requests to stay discovery. Docket No. 101.[2] Defendants filed replies. Docket Nos. 104, 106, 110.[3] The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is **GRANTED**.

---

[1] The Merchant Defendants consist of Defendants Baron Internet Marketers LLC; Yisroel Baron; Jaybri Enterprises, LLC; Jason Briley; Malloria Marketing LLC; Mallori Lari; FDR Online Management LLC; Franklin Roye; Dan Consulting LLC; Danial Levent; NGOC Quality Web LLC; NGOC Peterkin; GN Consulting Services, LLC; Giang Truong Nguyen; Pay Web Consulting Services, LLC; Payam Hendi; Hans Marketing LLC; Denis Chihan Su; MH Creative Web, LLC; Michelle Hall; BNT Consulting LLC; Bichvan NGOC Thach; IOS Consulting Services, LLC; Ioannis Sanchez; CM Online Strategies, LLC; Carmen Moreno; Cmont Web Services, LLC; Christopher Montigelli, The Hilliard Marketing Group, LLC; and Micah Hiller.

[2] Plaintiff filed responses to the underlying motions to dismiss. Docket Nos. 76, 77, 96.

[3] Defendants filed replies to the underlying motions to dismiss, as well as requests for judicial notice. *See* Docket Nos. 80-89, 100. Plaintiff also filed a motion to strike related to the underlying motion practice. *See* Docket No. 103.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

A stay of discovery is appropriate here. The motions to dismiss are potentially dispositive with respect to all appearing defendants.[4] The motions to dismiss can also likely be decided without the need to engage in discovery. Moreover, the undersigned's evaluation of the motions to dismiss reveals that they are sufficiently meritorious to justify a stay of discovery.[5,6]

---

[4] The Court is puzzled by Plaintiff's insistence that the motions to dismiss are only potentially dispositive with respect to Defendants Plaut and Intrator. *See, e.g.*, Docket No. 101 at 25. The Merchant Defendants filed their own motion to dismiss that, if granted, would be potentially dispositive of the claims against them, too. *See* Docket No. 78.

[5] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the underlying motions may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. This "preliminary peek" at the merits of the underlying motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motions. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.

[6] Plaintiff argues that it should be afforded leave to amend in the event the motions to dismiss are granted. *See, e.g.*, Docket No. 101 at 16, 22-24. The Court is conducting its analysis based on the currently operative pleading and the arguments as to whether it is sufficient to survive. Particularly given the complex nature of this matter, the Court declines to speculate into whether potential amendments might cure deficiencies that have not yet been identified by the district judge. To the extent the motions to dismiss are granted with leave to amend, an amended complaint is filed, and dispositive motions are filed challenging that amended complaint, the parties may revisit whether the stay of discovery should continue based on the circumstances as they exist at that juncture.

Accordingly, the motion to stay discovery is **GRANTED**. In the event resolution of the motions to dismiss does not result in the termination of this case, a discovery plan or joint status report must be filed within 30 days of the issuance of such order(s). In light of this ruling, the proposed discovery plan (Docket No. 99) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: April 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge